ORDERED.

Dated: March 20, 2013



Eileen W. Hollowell, Bankruptcy Judge
_____

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| RIZALINA A. MORRIS, | ) | Case No. 4:12-bk-15511-EWH |
| | ) | |
| Debtor. | ) | **MEMORANDUM DECISION** |
| _____ | ) | |

    Debtor, who is estranged, but not divorced, from her husband ("Husband"), filed for Chapter 7 relief, but Husband did not. Debtor and Husband own, as community property, a 2006 Honda ("Honda") which Debtor values at $8,500. Husband also owns, as his sole and separate property, a 2001 Jeep ("Jeep"). Pursuant to Arizona Revised Statutes ("A.R.S.") § 33-1125(8), Debtor claimed a $5,000 exemption in the Honda. Debtor also asserted Husband's $5,000 exemption in the Honda. Because A.R.S. § 33-1121.01 permits spouses to combine their exemptions, Debtor and Husband have a combined $10,000 exemption in an $8,500 Honda. As a result, there is no equity in the Honda for the Trustee to liquidate for the benefit of creditors.

    The Trustee has filed an objection to Debtor's exemption of both her and Husband's interest in the Honda on the grounds that Debtor may not claim an exemption on behalf of the non-filing Husband. Secondly, the Trustee argues that

Husband is obtaining a windfall by being permitted to exempt the Honda without having to expose the value of the Jeep to liquidation, which would have been required had a joint petition been filed. Because A.R.S. § 33-1125(8) only permits a debtor to claim one vehicle as exempt, if a joint petition had been filed, Husband would have had to choose between exempting his interest in the Honda or the Jeep.

Objections similar to those of the Trustee were analyzed in detail by Judge Haines in In re Perez, 302 B.R. 661 (Bankr. D. Ariz. 2003). Perez held that a filing spouse may claim the non-filing spouse's exemptions if the filing spouse is acting on behalf of the community. Id. at 663. Arizona law imposes a presumption that debts incurred by one spouse are for the benefit of the community. Johnson v. Johnson, 131 Ariz. 38, 44, 638 P.2d 705, 711 (1981). Even though the Debtor and Husband are estranged, the holding in Perez applies.[1]

The Trustee's argument that Husband is receiving an improper windfall because he is effectively exempting both the Honda and the Jeep fails. Because the Jeep is not community property, it does not become property of Debtor's estate under 11 U.S.C. § 541(a)(2)(A)[2], but that does not mean that Husband may claim the Jeep as exempt in or out of bankruptcy. Debtor's claim of exemption on behalf of Husband is binding on him. In re Homan, 112 B.R. 356 (9th Cir. BAP 1989). As a result, Husband cannot claim an exemption in the Jeep because his exemption has already been used. While it is possible that Husband might attempt to claim the Jeep as exempt in some future bankruptcy, the Trustee's objection cannot be sustained based on speculation that

---

[1] In Perez the spouses were in the process of dissolving their marriage. 302 B.R. at 662.

[2] 11 U.S.C. § 541(a)(2)(A) provides that a debtor's estate only is "comprised of…the property…under the sole, equal, or joint management and control of the debtor…."

2

something improper may occur in the future. See Perez, 302 B.R. at 664-65 ("The Court is confident that Bankruptcy Rule 2011 will preclude attorneys from seeking to claim a double set of exemptions where it might be possible to do so, and in any event that alert trustees can adequately respond to such abuses should they occur.")

For all of the above reasons, the Trustee's objection will be denied. A separate order to that effect will be entered this date.

Dated and signed above.

Notice to be sent through the
Bankruptcy Notification Center
to the following:

Bruce D. Bridegroom
Raymond R. Hayes
Bridegroom & Hayes
1656 North Columbus Blvd.
Tucson, AZ 85712
Attorneys for Debtor

Stanley J. Kartchner
7090 North Oracle Rd. #178-204
Tucson, AZ 85704

Office of the U.S. Trustee
230 North First Avenue, Suite 204
Phoenix, AZ 85003

3